## WAGENER & CO. v. KIRVEN.

1. PLEADINGS—PRINCIPAL AND AGENT.—In an action for goods sold and delivered, it is not necessary to so allege, to admit proof that the goods were sold and delivered to defendant's agent.
2. JURY AND JURY TRIALS—CHARGE.—Whether the testimony of a witness is entitled to any credit, is a matter for the jury, but Judge must instruct them as to the law under all the testimony adduced in the case.
3. IBID.—PRINCIPAL AND AGENT.—Agency is a question of fact for the jury. Principal is liable for goods purchased by her agent.
4. CHARGE—APPEAL.—Party failing to request charge of specific propositions of law, cannot remedy his error on appeal by claiming that Judge submitted alleged erroneous propositions by implication.

Before WATTS, J., Darlington, fall term, 1898. Affirmed.

Action for goods sold and delivered by F. W. Wagener & Co. against M. C. Kirven. Judge charged the jury as follows:

This is an action brought by the plaintiff against the defendant to recover a certain amount of money which plaintiff alleges the defendant is due them by reason of goods sold and delivered to the defendant. They allege in the complaint that between the 9th of February, 1892, and the 13th of October, 1892, they, the plaintiffs, sold and delivered to the defendant goods aggregating the amount of $2,509.16, and that on the 15th of October, 1892, an account was stated

by them by the plaintiffs to the defendant, and that after deducting all proper credits on the account for the goods they sold to the defendant, they claim now that the defendant is indebted to them in the sum of $2,219.16; and the plaintiffs, therefore, are suing to recover that amount from the defendant, and interest on that amount from the date that they claim they sent a stated account to her, to wit: the 15th day of October, 1892. In other words, the plaintiffs here claim that they sold and delivered to the defendant goods, and that there is that amount due now by her, the defendant, to them, the plaintiffs, that the goods were reasonably worth that much. The defendant comes into Court and denies that she is in any manner indebted to the plaintiffs, denies that the plaintiffs sold and delivered to her any goods at all, and denies that she owes for them. She has put in a further defense in the case—that is, that the issues that are now being tried by this Court are res judicata, and that by reason of a former suit herein, the plaintiff submitted the question as to whether the bond and mortgage which she claims that the plaintiff at that time claimed and sued on, was given by this defendant, and that the Court held that that mortgage was a forgery—that Judge Gary held that that mortgage was a forgery. The Supreme Court held with Judge Gary in that decision. She now claims that those matters are res judicata, and that the plaintiffs cannot bring this suit. The matter came on for a hearing before Judge Benet on the question of res judicata, and Judge Benet held—for the purpose of this case—it is all that is necessary to tell you, that this former suit between Wagener and Kirven was to foreclose a bond and mortgage which Wagener & Co. alleged was given as a security to them for goods sold and delivered, and by reason of the Court's holding that the mortgage was a forgery and Mrs. Kirven did not sign it, that that did not settle the question as to whether the goods were sold and delivered or not, and that that was a matter still open for the determination by the Court. Upon that Mrs. Kirven's attorneys appealed to the

Supreme Court, and the Supreme Court held that Judge
Benet was right.   And so she is now before you, and it is
for you to say, under the testimony, whether or not the de-
fendant here is indebted to the plaintiffs in the amount which
the plaintiffs claim.

Does the testimony in this case satisfy you that the plain-
tiffs sold and delivered to the defendant the goods they have
sued for?   And is the amount which they claim due—after
deducting all proper credits which ought to go on that ac-
count; if you are satisfied under the testimony that the plain-
tiffs sold and delivered to the defendant, or to defendant's
agent, these goods, and that they are not paid for, then the
plaintiff would be entitled to recover.   Now, it is a question
for you to determine.   In this Court, whenever a case of
this sort comes up, the witnesses are sworn and examined,
and the jury see and hear the witnesses testify, and the jury
become the sole judges as to what are the facts of the case.
That is their province exclusively.   You see the witnesses
and hear them testify, and you take into consideration the
circumstances in the case as detailed, and it is for you to say
under the testimony in this case who is telling the truth.   It
is simply the Judge's duty to tell the jury what the law is,
and they will take the law from him, but they are the sole
judges of the facts.   The Judge has nothing to do with the
facts.   The jury apply the facts as they find them to the law
the Judge gives to them, and find their verdict accordingly.

It is incumbent on Wagener & Co. to satisfy you by the
preponderance of the testimony that they sold the goods
sued for here to Mrs. Kirven, or sold and delivered them to
some one that Mrs. Kirven authorized to get them.   I
charge you, as a matter of law, if the testimony in this case
satisfies you that Wagener & Co. sold and delivered the
goods to Mrs. Kirven, then she is responsible.   If Mrs. Kir-
ven authorized anybody to buy them for her from Wagener
& Co., then she would be responsible.   If the testimony in
this case satisfies you that R. E. L. Kirven was the agent of
his mother, and he was authorized by her to buy these goods

from Wagener & Co., gave her credit, and she was to be responsible for them, then Wagener & Co. would be entitled to recover. If Wagener & Co. sold the goods and shipped them to Mrs. Kirven herself, Mrs. Kirven would be liable. Wherever a party employs an agent to act for him, he is bound by the acts of the agent, where the agent acts in the scope of his authority. If you appoint a man generally to transact all your business, you are bound by what he does; if you appoint an agent to do a particular matter and he acts within the scope of his authority that you have given him, then you are bound by his acts. So, if the testimony here satisfies you that R. E. L. Kirven was the agent of Mrs. M. C. Kirven, and as such agent he bought goods from Wagener & Co. and they shipped them to her, thinking she was responsible, and extended the credit upon the faith, expecting Mrs. Kirven to pay for them, then your verdict should be for the plaintiff. I charge you, further, that if Mrs. M. C. Kirven did not authorize R. E. L. Kirven to buy these goods for her, but if she knew that he was buying them in her name, and that they were being shipped to her, and she received them, then that would be such a confirmation of his agency that she would be liable. If he was not her agent when he first did these acts, but she afterwards had knowledge of them, and ratified and confirmed and approved of his acts, then she would be as much bound as if he had been her agent in the first instance, or if she had bought these goods herself.

It is incumbent on Wagener & Co. to satisfy you of the allegations of their complaint by the weight of the testimony. If the testimony in this case satisfies you that Wagener & Co. did not sell those goods to Mrs Kirven, or that R E. L. Kirven, without any authority from his mother, or without any knowledge on her part, ordered these goods in his mother's name, and she knew nothing of it, and did not authorize him to do it, then your verdict would be for Mrs. M. C. Kirven, unless you are satisfied by the preponderance of the evidence in the case that while he was not

her agent in the first instance, yet afterwards the knowledge was brought to Mrs. Kirven of what he had done, that he had ordered these goods in her name, and they had been shipped to her, and she received the goods, knowing these things, and continued to receive the goods that were shipped to her, then she would be liable. Or if, after the whole thing was over, she ratified or approved or confirmed and admitted as her own what her son, R. E. L. Kirven, had done, then she would be liable. But if you are satisfied, under the testimony, that Mrs. Kirven did not buy the goods herself, and did not confirm or ratify anything that R. E. L. Kirven did, or did not authorize him to buy them for her or in her name, then your verdict would be for the defendant.

It is a question for you to determine. The first question is: Did Wagener & Co. sell the goods? Secondly, did they sell them to Mrs. Kirven? If they sold and delivered them to Mrs. Kirven herself, then she is liable. If they sold them to R. E. L. Kirven, and Mrs. Kirven afterwards ratified, approved or confirmed what her son had done—recognized his agency after the whole thing was over, but knew nothing of it until it was—then your verdict would be for the plaintiff. But if R. E. L. Kirven bought the goods from Wagener & Co. and imposed upon them, and used his mother's name to do it, without her knowledge or consent or authority, and she did not afterwards acquiesce in what he had done in the premises, then your verdict would be for the defendant.

From judgment entered on verdict for plaintiff, defendant appeals on following exceptions:

His Honor erred in charging the jury as follows: "If he (R. E. L. Kirven) was not her agent when he first did these acts, but she afterwards had knowledge of them, and ratified and confirmed and approved of his acts, then she would be as much bound as if he had been her agent in the first instance; or if she had bought these goods herself." * * *

"If the testimony in this case satisfies you that Wagener

& Co. did not sell these goods to Mrs. Kirven, or that R. E. L. Kirven, without any authority from his mother, or without any knowledge on her part, ordered these goods in his mother's name, and she knew nothing of it, and did not authorize him to do it, then your verdict would be for Mrs. Kirven, unless you are satisfied by the preponderance of the evidence in the case that while he was not her agent in the first instance, yet afterwards the knowledge was brought to Mrs. Kirven of what he had done—that he had ordered these goods in her name, and that they had been shipped to her, and she received the goods knowing these things and continued to receive the goods that were shipped to her—then she would be liable.   Or if after the whole thing was over, she ratified or affirmed, or confirmed and admitted as her own what her son, R. E. L. Kirven, had done, then she would be liable."   *   *   *

"If they sold and delivered them to Mrs. Kirven herself, then she is liable.   If they sold them to R. E. L. Kirven, and Mrs. Kirven afterwards ratified, approved or confirmed what her son had done—recognized his agency after the whole thing was over, but knew nothing of it until it was done, then your verdict would be for the plaintiff.   But if R. E. L. Kirven bought the goods from Wagener & Co. and imposed upon them, and used his mother's name to do it without her knowledge or consent or authority, and she did not afterwards acquiesce in it   *   *   *   What he had done in the premises—then your verdict would be for the defendant."   Because the charge was not responsive to any issue in the pleadings, or to any testimony in the case.   (2) Assumed that there was a pretended agency on the part of R. E. L. Kirven, when the undisputed evidence was that the plaintiff refused his, or any other agency, and required and thought they had obtained a direct dealing with Mrs. M. C. Kirven.   (3) Misled the jury by leading them to believe that there was something in the letters written by J. P. Kirven to Wagener & Co., or in the evidence as to the conference in the office of W. F. Dargan, that might justify

them in concluding that Mrs. Kirven had ratified the acts of
R. E. L. Kirven, and assumed his indebtedness to plaintiffs.
(4) Impliedly held that a forgery committed without as-
sumption of agency could be ratified without conduct
amounting to estoppel in *pais*.   (5) Impliedly held that a
forgery was capable of ratification, when, and if the acts
amounted to a ratification, the only ground, and the one in
evidence, was the desire to cover up the forgery and protect
the criminal.   (6) Impliedly held that a void act was
capable of ratification.   (7) Impliedly held that Mrs. Kir-
ven could be bound by a ratification without consideration.
(8) Impliedly held that a new promise could be recovered
on in a suit on an original and void contract without allega-
tion of the new promise.   (9) And was otherwise calcu-
lated to mislead the jury.

*Messrs Boyd & Brown*, for appellants, cite: *As to ratifi-
cation:* 44 Pa. St., 17; 82 N. Y., 327.   *Forgery of prin-
cipal's name cannot be ratified except upon new considera-
tion:* 92 Penn. St., 447; 67 Ib., 391; 33 Ohio St., 405; 78
Ky., 517; 24 L. T., 34; 181 Penn. St., 201; 12 Am. St. R.,
762.

*Messrs. W. F. Dargan* and *Geo. E. Dargan*, contra, cite:
*This Court will look to whole charge in considering an ex-
ception thereto:* 45 S. C., 156.   *Principles of agency apply,
whether agent holds himself out as such or conceals it:* 4
Allen, 447; 35 S. C., 51.   *As to ratification:* 23 Vt., 565.
*Forgery can be ratified:* 4 Allen, 447.   *Legal effect of an act
is not controlled by motive prompting it:* 20 S. C., 452.   *No
new consideration necessary in ratification:* 8 Wall., 242.
*Suit was properly brought on original contract:* 50 N. H.,
129; 8 Wall., 242.

September 30, 1899.   The opinion of the Court was
delivered by

MR. CHIEF JUSTICE McIVER.   This was an action

brought by the plaintiffs against the defendant to recover the balance due on an account for goods alleged to have been sold and delivered to the defendant by the plaintiffs. The jury found a verdict for the balance alleged to be due, and from the judgment entered upon such verdict defendant appeals upon the several grounds set out in the record. For a proper understanding of the questions presented by this appeal it will be necessary for the Reporter to set out, in his report of the case, a copy of the charge of the Circuit Judge, as set out in the "Case," and also a copy of the grounds of appeal as set out in the record. There were no requests to charge, but the grounds of appeal, after quoting certain portions of the Judge's charge, proceeds to assign the following errors therein: 1st. "Because the charge was not responsive to any issue in the pleadings, or to any testimony in the case." 2d. Because the Judge, in his charge, "assumed that there was a pretended agency on the part of R. E. L. Kirven." 3d. Because he misled the jury, by inducing them to believe "that there was something in the letters written by J. P. Kirven to Wagener & Co., or in the evidence as to the conference in the office of W. F. Dargan, that might justify them in concluding that Mrs. Kirven had ratified the acts of R. E. L. Kirven, and assumed his indebtedness to plaintiffs." 4th. Because he "impliedly held that a forgery committed without assumption of agency could be ratified without conduct amounting to estoppel in *pais*." 5th. Because he "impliedly held that a forgery was capable of ratification, when, and if the acts amounted to a ratification, the only ground, and the one in evidence, was the desire to cover up the forgery and protect the criminal." 6th. Because he "impliedly held that a void act was capable of ratification." 7th. Because he "impliedly held that Mrs. Kirven could be bound by a ratification without consideration." 8th. Because he "impliedly held that a new promise could be recovered on in a suit on an original and void contract without allegation of the new promise." The ninth assignment

of error need not be stated, as it is manifestly too general to require any consideration.

We propose to consider these various assignments of error in their order. The first may be regarded as open to the objection that it is too general; but, waiving that, we will assume that its intent is to charge that there is no allegation in the pleading and no testimony in the case that would justify the Circuit Judge in charging the jury as to the law of agency. It is quite true that there is no allegation in the complaint that the goods mentioned in the account sued on were purchased by the defendant through the agency of another; but it never has been supposed, so far as we are informed, that such an allegation is necessary. If the plaintiff can show, in an action for goods sold and delivered to the defendant, that the same were obtained by an agent of the defendant, it is entirely competent for him to do so, without any allegation of agency in the complaint, for the obvious reason that the defendant is liable for the acts of his agent, within the scope of the agency, and, therefore, in the eye of the law, goods bought by the agent of the defendant for him are the same as if bought by the defendant in his own proper person. We suppose, however, that the real point of this objection is that there was no testimony that these goods were bought by the agent of the defendant, and for that reason the charge is not responsive to the testimony of the case. It is a mistake, however, to say that there is no testimony of agency in the case, for R. E. L. Kirven did testify that these goods were bought by him as the agent of the defendant, his mother, and that she actually received and used some of them herself; and the witness, Sullivan, who was the credit manager of the plaintiffs' business, shows that these goods were shipped to the various railroad stations as ordered—Oswego, Floyd's and Dovesville—marked "M. C. Kirven," and letters were written and addressed to her, advising her of such shipments, and that some if not the most of the packages were branded "F. W. Wagener & Co.," showing that

they were sent by plaintiffs.    If it should be said that the testimony of R. E. L. Kirven was entitled to but little, if any, credit, the answer is, that was a matter exclusively for the jury.    The Circuit Judge had no right to determine whether such testimony was creditable, and his plain duty was to instruct the jury as to the law under all the testimony adduced in the case. leaving it to the jury to say what testimony they would believe and what they would disbelieve; and this is what he did.    It is clear, therefore, that the first assignment of error cannot be sustained.

For a similar reason, the second assignment of error is without foundation.    He did not assume that there was any agency, but left that question, as he should have done, to the jury, under all the evidence adduced in the case. Even if the fact was undisputed that the plaintiffs had refused to deal with the defendant through the agency of another, and the plaintiffs, at the time, supposed that they were dealing directly with the defendant, and not through an undisclosed agent, that fact would not be conclusive; and if it afterwards appeared, as matter of fact, that the goods sued for were purchased by an agent of the defendant, and not by herself, in her own proper person, she would still be liable to pay for the same.

As to the third assignment of error, we are unable to discover any foundation whatever in the record before us, for such assignment.    There is not a word said in the charge as to the letters written by J. P. Kirven to Wagener & Co., or as to what occurred in the conference in the office of Mr. Dargan.    No allusion was made to any such testimony, or, indeed, to any other testimony in the case.    On the contrary, the Circuit Judge seems to have been particularly careful not to state anything which had been testified in the case, as he was required to do by the Constitution, and confined himself entirely to a statement of what would be the law if the jury found, or failed to find, certain facts from the testimony in the case, which was exclusively for them.

The fourth, fifth, sixth, seventh and eighth assignments of error may be considered together, as they all relate to matters which were not mentioned, or even alluded to, in the charge. None of these assignments of error can be sustained, as there is nothing whatever in the charge which warrants the implications therein claimed. If the defendant supposed that it was necessary or beneficial to her case, that the jury should be instructed as to all or any of the points therein referred to, her plain duty was to submit requests to charge such propositions of law in reference thereto as she might be advised were necessary or proper; but this, for good and sufficient reasons, as we must assume, she failed to do, and she cannot now be permitted to attain the same end, by claiming that the Circuit Judge, by mere implication, submitted certain alleged erroneous propositions of law to the jury, especially when we are unable to find in the charge any warrant for such implications.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.